IN THE OREGON TAX COURT
REGULAR DIVISION
Personal Income Tax

| | | |
|---|---|---|
| CINDY GUA, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5453** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the court on Plaintiff's "Initial Set of Responsive Documents and Plaintiff's Request to Place Case on Hold Until September 18, 2023," filed August 17, 2023 and Defendant's response filed August 21, 2023.

Plaintiff's August 17 filing comes as the court seeks to adjudicate her initial claim that paying the income tax, interest, and penalties assessed to her for tax years 2016 through 2019 would be an undue hardship under ORS 305.419. [1]  Plaintiff filed a Motion for Stay of Payment of Income Tax, and accompanying affidavit, on or about April 19, 2023; Defendant objected on or about May 22, 2023. On May 25, 2023, the court ordered Plaintiff to submit additional documents, on or before June 30, 2023, to substantiate her claim of financial hardship during the approximately five years preceding the filing of her complaint.   On June 23, 2023, Plaintiff sought an extension, until July 30, 2023, to submit the substantiating documents, which the court granted. On July 27, 2023, Plaintiff requested a second extension, until August 30, 2023, representing that she had requested, but not yet received, copies of documents from banks, credit card companies, and other accounts.  On August 9, 2023, the court granted that second extension request, ordering Plaintiff to file an initial set of documents on or before August 17, 2023, and

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition.

ORDER  TC 5453

ordering her to otherwise fully comply with the August 30, 2023, deadline.

Plaintiff's August 17 filing includes some 200 pages of credit card statements, for periods in 2020, 2021, 2022, and 2023, responsive to the court's order to furnish documents substantiating her claim of undue hardship. Despite that length, the documents respond to only one of the six types of substantiating documents that the court ordered. Documents remaining to be filed by the August 30, 2023, deadline include federal income tax returns and tax forms, a declaration of gifts, bank statements, and property tax statements. Plaintiff's August 17 filing mentions nothing about the documents remaining to be filed.

The remainder of Plaintiff's August 17 filing asks the court to "place this case on hold until September 18, 2023." To that extent, the court treats the August 17 filing as a motion to place the case in abeyance.[2] Plaintiff represents that lack of information has prevented her from filing returns for the tax years at issue in this case, but that, over the last several months, she has been able to obtain the needed information and has engaged an accountant to prepare the returns. The filing states that the returns "are now complete and ready to be submitted to the Oregon Department of Revenue," and that they "are being mailed" to Defendant's auditor. Plaintiff states that her intent in filing the returns is to cause the case to be placed on hold to allow Defendant to process the returns, making the "case a moot issue."

Defendant's August 21 response objects to any abeyance of the case on the grounds that Defendant has not actually received any returns from Plaintiff. Defendant also refers to the availability of proceedings under ORS 305.265(10), in the event Defendant receives returns. Under that provision, *Defendant* may request an abeyance of this proceeding to review returns. *See* ORS 305.265(10)(e) ("If [a taxpayer] submits a report or return to the department and

---

[2] Plaintiff's August 17 filing does not ask for an extension of the August 30 deadline and provides no information on Plaintiff's progress in obtaining and submitting the ordered documents.

ORDER  TC 5453

appeals the assessment to the tax court, *the department* may request a stay of action from the court pending review of the report or return.") (emphasis added). If Defendant accepts the returns for processing, the instant case may be dismissed as moot, and any such returns are subject to audit and adjustment. *See* ORS 305.265(10)(f) (allowing department to examine and adjust the return).

## ANALYSIS

The court has inherent discretionary authority to place a case in abeyance as a means of managing its docket. *See Seneca Sustainable Energy v. Lane County Assessor*, 23 OTR 1, 4 (2018) (stating that relevant factors include the interests of the parties, the convenience of the court and the efficiency of its processes, and the interests of nonlitigants and the public). In general, the introduction of new, relevant information, which upon review and conferral could enable the parties to reach a resolution that will make a case moot, is a factor that can favor holding a case in abeyance. In this case, however, the court agrees with Defendant that abeyance would be premature because the Department has not yet received any tax returns for the subject years. To date, there is no new information to review.

Now, therefore,

IT IS ORDERED that Plaintiff's motion for abeyance is denied. The August 30, 2023, deadline to comply with the court's order of August 9, 2023, remains in effect.

Dated this 25th day of August, 2023.

8/25/2023 2:10:57 PM

**Judge Robert T. Manicke**

ORDER TC 5453